# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ABRAHAM GERMANY BERHE, | Case No. 2:25-cv-01782-RFB-DJA |
| Petitioner, | **ORDER** |
| v. | |
| CHIEF COUNCIL FOR THE DISTRICT OF NEVADA D.H.S. ICE, | |
| Respondent. | |

This is a habeas corpus action brought under 28 U.S.C. § 2241 by Abraham Germany Berhe, an individual who has been incarcerated at the Nevada Southern Detention Center (NSDC), in Pahrump, Nevada, since February 2025. On September 22, 2025, Berhe filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1-1). On October 20, 2025, Berhe filed an Application for Leave to Proceed *in forma pauperis*, which this Court granted on October 27, 2025. ECF No. 6.

Berhe alleges in his Petition for Writ of Habeas Corpus (ECF No. 1-1) that he was ordered removed to Eritrea in 2002 but released on supervision based on the country's refusal to provide travel documents to DHS; that he has remained on supervision until a violation on February 11, 2025; that he has been in ICE custody since then; that his removal is unlikely in the reasonably foreseeable future; and that his custody is unlawful under Zadvydas v. Davis, 533 U.S. 678 (2001). The Court determines, however, that Berhe's petition is technically defective in that he names an improper respondent, Chief Council for the District of Nevada DHS ICE, and in that he does not provide sufficient detailed information about his immigration proceedings for the Court to properly screen his Petition.

The Court also determines that appointment of counsel is warranted. Generally, habeas petitioners not sentenced to death are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing Kreiling v. Field, 431 F.2d 638, 640 (9th Cir. 1970) (*per curiam*)). The Court may, however, appoint counsel if the interests of justice so require. See 18 U.S.C. § 3006A; Chaney, 801 F.2d at 1196. Berhe's petition indicates that this action may be complex, as it includes allegations of both statutory and constitutional violations stemming from prolonged detention, and accordingly, litigating this action *pro se* may not be possible. In addition, the action concerns immigration proceedings and removal, thus the outcome of this litigation is likely to have serious consequences for Mr. Berhe. The Court therefore finds that appointment of counsel is in the interests of justice and appoints counsel.

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent Petitioner. If the FPD is unable to represent Petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. In either case, counsel will represent Petitioner in all federal court proceedings relating to this matter, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to electronically serve upon the FPD a copy of this order, together with a copy of the Petition (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the FPD will have 14 days from the date of entry of this order to appear for Petitioner and file an amended petition for writ of habeas corpus on his behalf.

**DATED:** October 29, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**