# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

ABRAHAM GERMANY BERHE,

    Petitioner,

    v.

JOHN MATTOS, *et al.*,

    Respondents.

Case No. 2:25-cv-01782-RFB-DJA

**ORDER TO SHOW CAUSE**

    Petitioner Abraham Germany Berhe, an immigration detainee, has filed a counseled, amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 16). Simultaneously, he has filed a Motion for Temporary Restraining Order (ECF No. 18). Through them, Petitioner challenges (a.) his ongoing detention at Nevada Southern Detention Center in the custody of Respondents and (b.) the procedures underlying his potential removal to an undesignated third country. The Court has reviewed the Petition and Motion, and it believes that Petitioner can likely demonstrate that his circumstances warrant the same relief ordered by this Court in Candido-Bolanos v. Lyons, No. 2:25-cv-01359-RFB-EJY (D. Nev. Oct. 8, 2025) (No. 39), and related orders.

    Thus, Respondents are **ORDERED TO SHOW CAUSE** why the Writ should not be granted. See 28 U.S.C. § 2243. To that end, **all respondents** named in the Amended Petition (ECF No. 16) shall file, in writing, a **notice of appearance** on or before **December 2, 2025**. Furthermore, Respondents shall file **"a return certifying the true cause of detention"** on or before **December 10, 2025**. Petitioner may file a traverse on or before **December 17, 2025**. To the extent this Order conflicts with a prior schedule established by this Court, this Order supersedes it.

    For the same reasons described above, the Court finds that Petitioner's Motion for

Temporary Restraining Order (ECF No. 18) warrants expedited consideration. Respondents have up to, and including, **December 3, 2025**, to file a response to the Motion. Petitioner has up to, and including, **December 10, 2025**, to reply.

**IT IS FURTHER ORDERED** the Parties shall indicate in their briefing whether they request oral argument, or an evidentiary hearing, on the Petition and/or Motion. The Court would be amenable to ruling on the papers if the Parties indicate that they are willing to waive a hearing. If Respondents have no new arguments to offer that have not already been addressed by the Court, they may so indicate by reference to their previous briefing, while reserving appellate rights. They may not, however, incorporate briefing in a manner that would circumvent the page limits under Local Rule 7-3 without leave of this Court. Respondents should file the referenced briefing as an attachment for Petitioner's counsel's review.

Additionally, the Court finds Petitioner has established a *prima facie* case for relief and that ordering Respondents to produce documents reflecting the basis for their detention of Petitioner is necessary for the Court to "dispose of the matter as law and justice require." See Harris v. Nelson, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'") (citing 28 U.S.C. § 2243). Therefore, **IT IS FURTHER ORDERED** that Respondents must file any documents referenced or relied upon in their responsive pleading. If Respondents' asserted basis for detention is reflected in any documents in their possession, including, but not limited to, an arrest warrant, notice to appear, Form-286, and/or Form I-213 relevant to Petitioner's arrest, detention, and/or removal proceedings, Respondents must so indicate and file said documents with their pleading(s). Respondents are granted leave to file any documents containing sensitive personal identifying information or sensitive law enforcement information with redactions or under seal, in accordance with Local Rule IA 10-5. If no such documents exist to support the asserted basis for detention, Respondents must indicate.

**IT IS FURTHER ORDERED** that Local Rules 7-2, 7-3, and 7-4 will govern the

requirements and scheduling of all other motions filed by either party.

**IT IS FURTHER ORDERED** that the Parties shall file all documents and exhibits in accordance with Local Rules LR IA 10-1, 10-2, and 10-3.

**IT IS FURTHER ORDERED** that the Parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

**IT IS FURTHER ORDERED** that Respondents shall not transfer Petitioner out of this District. This Court has "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." F.T.C. v. Dean Foods Co., 384 U.S. 597, 601 (1966); see also Al Otro Lado v. Wolf, 952 F.3d 999, 1007 n.6 (9th Cir. 2020) ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)). Were Petitioner prematurely removed from the United States District of Nevada, or more broadly the United States, this Court could be deprived of jurisdiction over his claims. Given the exigent circumstances surrounding Petitioner, the Court finds that this Order is warranted to maintain the *status quo* pending resolution on the merits, and the Court finds that Petitioner has satisfied the factors governing the issuance of such preliminary relief.

**IT IS FURTHER KINDLY ORDERED** that the Clerk of Court:

1. **REVISE** the docket in this case to reflect the proper parties, as updated by the Amended Petition for Writ of Habeas Corpus (ECF No. 16).

2. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 16), Motion (ECF No. 18), attachments (ECF Nos. 17-1, 17-2, 17-3, 17-4), and this Order to the United States Attorney for the District of Nevada at Sigal.Chattah@usdoj.gov, Veronica.criste@usdoj.gov, summer.johnson@usdoj.gov, and caseview.ecf@usdoj.gov. in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

3. **MAIL** a copy of the Petition (ECF No. 16), Motion (ECF No. 18), attachments (ECF

Nos. 17-1, 17-2, 17-3, 17-4), and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to:

1) John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.

2) Jason Knight, Acting Las Vegas Field Office Director, 2975 Decker Lake Drive Suite 100, West Valley City, UT 84119-6096.

3) Todd Lyons, Acting Director and Senior Official Performing the Duties of the Director for U.S. Immigration and Customs Enforcement, 500 12th Street, SW, Washington, DC 20536.

4) Kristi Noem, Secretary, United States Department of Homeland Security, 245 Murray Lane SW, Washington, DC 20528.

5) Pamela Bondi, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC 20530.

**DATED:** November 26, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**